UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:06CR161 (EBB) |
| ) | |
| JAMES E. GALANTE, et al. ) | June 15, 2006 |

### ROSEANNE GALANTE'S MEMORANDUM IN SUPPORT OF HER MOTION TO DISSOLVE AND/OR MODIFY RESTRAINING ORDER

Roseanne Galante, a non-party, submits this motion to dissolve and/or modify a restraining order entered ex parte on June 8, 2006 (the "Order")[1] in the above referenced action. The Order restrains, *inter alia*, numerous personal accounts rightfully and lawfully belonging to Mrs. Galante.[2] All of said restraint is without justification and without cause insofar as Mrs. Galante is not implicated by any of the 117 counts of the Indictment.[3] Consequently, Mrs. Galante is being deprived of her lawful property and has been, and continues to be, harmed by the restraint of these accounts.

Mrs. Galante respectfully requests that this Court dissolve and/or modify the Order by severing from the Order all sixteen (16) of the personal accounts rightfully and lawfully belonging to Mrs. Galante.

On June 8, 2006, a grand jury returned an indictment against thirty-nine businesses and individuals (the "Indictment"). See Exhibit B. The Indictment charges these businesses and individuals with a variety of criminal violations including, among others, racketeering, 18 U.S.C. §§ 1962(c)-(d), and criminal forfeiture, 18 U.S.C. § 1963. The charges principally emanate from

---

[1] A copy of the Order is attached hereto as Exhibit A.
[2] See Government's Exhibit C attached to the Order.
[3] A copy of the Indictment is attached hereto as Exhibit B.

alleged racketeering conduct whereby, according to the allegations claimed in the indictment, certain combinations of the defendants employed a "property rights system" that affected marketplace competition.

That same day, on June 8, 2006, the government sought an ex parte order restraining personal and real property of certain defendants along with entire businesses, including the entire business and assets of named defendants as well as certain accounts and assets of non-party, non-defendant individuals including certain accounts belonging to Mrs. Galante.  See Exhibit C (Government Memorandum) ("Gov't Memo"); see also Exhibit A.

The government justified the post-indictment ex parte restraining order because, among other things, "the preservation of property is per se an extraordinary circumstance which justifies the absence of a pre-restraint hearing."  Exhibit C (Gov't Memo 5).  Though the government's filings appeared to seek restraint limited only to "forfeitable" assets, in actuality, the government's proposed restraining order did not discriminate between forfeitable assets and those assets to which the government would not otherwise be entitled to under criminal forfeiture statutes.

The Order was endorsed by this Court on June 8, 2006, the same day the grand jury returned the Indictment.  See Exhibit A.  As a direct consequence of the Order, no less than sixteen (16) of Mrs. Galante's personal accounts have been restrained.

There is no apparent justification or grounds for the restraint of Mrs. Galante accounts. Mrs. Galante is **not** named in any of the one-hundred seventeen (117) counts of the Indictment. The sole reference to Ms. Galante in the Indictment is made in connection with the sixteen (16) personal accounts the government sought to restrain.  Likewise, the sole reference to Mrs.

2

Galante in the Order is made in connection with the sixteen (16) personal accounts the government sought to restrain.

Thus Mrs. Galante is, among other things, unaware of the government's grounds for the restraint and by what operation of law Mrs. Galante's personal accounts might be subject to an Indictment in which she is neither named nor referenced. Even under ordinary circumstances, the Second Circuit has stated that, at minimum, "orders directed at third parties are strong medicine and should not be used where measures that are adequate and less burdensome on the third parties are available." United States v. Regan, 858 F.2d 115, 121 (2d Cir. 1988). Here the government has not even made a facial showing of reasons to begin to support this extraordinary intrusion upon Mrs. Galante's property rights. Mrs. Galante's accounts are being restrained without explanation and without purpose. There is absolutely no connection between the Indictment and Mrs. Galante.

For the foregoing reasons the restraining order should be dissolved and/or modified by severing from all sixteen (16) of the personal accounts rightfully and lawfully belonging to Mrs. Galante.

Respectfully submitted,

_____
Harold James Pickerstein (ct05094)
PEPE & HAZARD LLP
30 Jelliff Lane
Southport, CT 06890
(203) 319-4000
(203) 259-0251 fax
hpickerstein@pepehazard.com

3

## CERTIFICATION

I, Harold James Pickerstein, hereby certify that a copy of the foregoing has been sent via facsimile and first class mail, postage prepaid, this 15th day of June, 2006 to the following:

Henry K. Kopel
Assistant United States Attorney
United States Attorney's Office
District of Connecticut
157 Church Street, Floor 23
New Haven, CT 06510
(203) 773-5376

Michael J. Gustafson
Chief Strike Force
United States Attorney's Office
District of Connecticut
157 Church Street, Floor 23
New Haven, CT 06510
(203) 773-5376

Raymond F. Miller
Assistant United States Attorney
United States Attorney's Office
District of Connecticut
157 Church Street, Floor 23
New Haven, CT 06510
(203) 773-5376

_____
Harold James Pickerstein

MRP/28800/7/77965v1
06/15/06-SPT/